## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------x
:
In re: : Chapter 11
: Case No. 11-12404 (CSS)
LIBERTY STATE BENEFITS :
OF DELAWARE INC., et al.,[1] :
: Jointly Administered
Debtors. :
: **Hearing Date: August 11, 2011 at 2:00 PM**
: **Objection Date: August 11, 2011 at 12:00 PM**
----------------------------------------------x **Re: D.I. 22**

### OBJECTION OF PAULA T. DOW, ATTORNEY GENERAL OF NEW JERSEY, ON BEHALF OF ABBE R. TIGER, CHIEF OF THE NEW JERSEY BUREAU OF SECURITIES AND RICHARD W. BARRY, FISCAL AGENT, TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER ENFORCING THE AUTOMATIC STAY OF THE NEW JERSEY SECURITIES ENFORCEMENT ACTION

Paula T. Dow, Attorney General of the State of New Jersey, on behalf of Abbe R. Tiger, Chief of the Bureau of Securities (the "Bureau"), and Richard W. Barry, court-appointed fiscal agent (the "Fiscal Agent") (the Bureau and Fiscal Agent may collectively be referred to as the "Objectors"), by and through their undersigned counsel, hereby object (the "Objection") to the Debtors' *Emergency Motion for Entry of an Order Enforcing the Automatic Stay of New Jersey Attorney General's State Court Action* [docket no. 22] (the "Stay Motion"), and in furtherance of the Objection, hereby respectfully state that:

### BACKGROUND

1. On or about March 10, 2011, the Bureau filed a Verified Complaint against two of the Debtors, LSFH and LSBPA in the Superior Court of New Jersey, Chancery Division, Essex County, Case No. C 59-11 ("Securities Complaint"), alleging, *inter alia*, that LSBPA and LSFH, through LSBPA, violated the New Jersey Uniform Securities Law, N.J.S.A. 49:3-47, et seq.

---
[1] The Debtors in these cases are Liberty State Benefits of Delaware Inc. (2954) ("LSBD"), Liberty State Benefits of Pennsylvania, Inc. (8309) ("LSBPA"), and Liberty State Financial Holdings Corp. (5814) ("LSFH").

("Securities Law") by selling unregistered securities in violation of the Securities Law ("Securities Enforcement Action"). A copy of the Securities Complaint is attached as Exhibit B to the Declaration of Richard W. Barry [docket no. 29] (the "Barry Dec."),[2] upon which the Objectors hereby rely in furtherance of this Objection.[3]

2. It is irrefutable that the Securities Enforcement Action is a plenary exercise of the Bureau's police and regulatory authority to enforce the State securities laws, and thereby protect the investing public, pursuant to N.J.S.A. 49:3-47, et seq. As reflected in the Securities Complaint, the Debtors knowingly engaged in the sale of unregistered securities by unregistered agents, in irrefutable violation of the New Jersey securities laws.

3. Moreover, as is reflected in the Barry Dec., the Debtors: (i) have been and are being grossly mismanaged; (ii) are insolvent; (iii) are no longer operating and are, as admitted by the Debtors, liquidating; (iv) raised millions of dollars through the sale of unregistered, illegal securities, in violation of the Securities Law; and (v) diverted millions of dollars in illegally generated funds for their personal benefit. See ¶ 10(F) of the Barry Dec. It is imperative that the Bureau exercise its police and regulatory powers to protect the investing public in the Securities Enforcement Action, in view of these and other wrongful acts by the Debtors and their principals.

4. At the request of the Bureau, the Fiscal Agent was appointed pre-petition by a Consent Order ("Order") of the Superior Court of New Jersey, dated March 16, 2011, a copy which Order is attached as Exhibit A to the Barry Dec.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Barry Dec.

[3] On August 11, 2011, the Objectors also filed an emergency motion seeking inter alia, the dismissal or conversion of the Cases, appointment of a chapter 11 trustee, for relief from compliance with section 543, and related relief [docket no. 29] (the "Dismissal Motion"), upon which the Objectors further rely in opposition to the Debtors' Stay Motion.

5. In furtherance of the Fiscal Agent's duties in the Securities Enforcement Action, the Fiscal Agent sought and obtained entry of certain Orders to Show Cause for injunctive relief and to compel the production of discovery (including depositions) from certain of the Debtors' officers and directors (collectively, the "OTSC"). See Barry Dec., ¶ 12-13. The Debtors were on express notice of the OTSC, and erroneously objected thereto by relying on the imposition of the automatic stay. 11 U.S.C. § 362(a).

6. However, on August 9, 2011, Judge Klein expressly ruled in the Securities Enforcement Action that, pursuant to 11 U.S.C. § 362(b)(4), the Securities Enforcement Action, and the Fiscal Agent's efforts in connection therewith were exempt from the automatic stay because they are a proper exercise of the Bureau's police and regulatory authority. A copy of Judge Klein's State Stay Order is attached as Exhibit F to the Barry Dec.

## ARGUMENT

7. In addition to the inescapable reality that the State's Securities Enforcement Action is in furtherance of the State of New Jersey's police and regulatory authority, and despite the fact that less than one week ago, the Superior Court of New Jersey exercised its concurrent jurisdiction and ruled that the automatic stay was inapplicable to the Securities Enforcement Action, the Debtors' have sought emergent relief from this Court to enforce the automatic stay. The Debtors have no basis for such relief and are barred from seeking such relief, for the reasons more specifically stated below. Accordingly, the Debtors' Stay Motion should be summarily denied.

8. Courts have expressly held that pursuant to 11 U.S.C. § 363(b)(4), the automatic stay does *not* stay the continuance of a Bureau securities enforcement action. See In re Diana D'Angelo, 409 B.R. 296 (Bankr. D.N.J. 2009), and In the Matter of Brennan, 198 B.R. 445

3

(D.N.J. 1996). In each of these factually analogous cases, the Court ultimately found that the State of New Jersey should not be restrained from protecting the investing public by application of the automatic stay, relying in substantial part on the express provisions of § 362(b)(4).[4]

9. Moreover, because Judge Klein exercised her concurrent jurisdiction to decide the applicability of the automatic stay to the police and regulatory actions by the State of New Jersey, and held pursuant to a court Order that the stay is inapplicable, the *Rooker-Feldman* doctrine should prohibit this Court from reconsidering the State Stay Order. See In re Siskin, 258 B.R. 554 (Bankr. E.D.N.Y. 2001); In re Singleton, 230 B.R. 533, 538–39 (6th Cir. BAP 1999) (noting that state courts have concurrent jurisdiction with bankruptcy courts to decide whether the proceedings are subject to the automatic stay); In re James, 940 F.2d 46, 51 (3d Cir.1991) (acknowledging that federal-state comity requires that, once a court of competent jurisdiction has validly entered a judgment, that judgment is valid unless and until it is overturned or vacated by a court that has supervisory powers over that court's system); Patti v. Fred Ehrlich, PC, 304 B.R. 182, 186 (E.D.Pa.2003); citing In re Singleton, 230 B.R. at 536 (The *Rooker–Feldman* doctrine stands for the principle that federal trial courts, such as the bankruptcy court, "have only original subject matter, and not appellate, jurisdiction [and]...may not entertain appellate review of a state court judgment"); Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept., 973 F.2d 169, 179 (3d Cir.1992) (finding that the *Rooker-Feldman* doctrine equally applicable to state court orders); Knapper v. Bankers Trust Co., 407 F.3d 573, 580 (3d Cir.2005) (acknowledging that under the *Rooker-Feldman* doctrine, a federal court cannot rule on a claim that was actually litigated in state court, nor may a federal court rule if the claim is inextricably intertwined with the state court adjudication).

---

[4] The Debtors were aware and/or made aware of this directly applicable authority as part of the OTSC briefing, but have conveniently ignored and omitted these cases and/or authority in their Stay Motion.

10. Thus, the Debtors' arguments that the automatic stay should apply here to stop the Bureau's Securities Enforcement Action are meritless, and should be denied.

11. Finally, to the extent the Debtors' Stay Motion also seeks entry of an Order directing the Fiscal Agent to turnover alleged property of the Debtors, such relief should not be granted because: (a) pursuant to Rule 7001(a), such relief must be sought by adversary proceeding, and (b) for the reasons more specifically set forth in the Dismissal Motion and the Barry Dec., compliance with § 543 in this case is *not* in the best interest of creditors, and the Fiscal Agent should be excused from compliance therewith. By allowing the Fiscal Agent to remain in place, with all authority as set forth in the Order providing for his appointment, the defrauded investors and the creditors will at least be assured of the preservation of the status quo pending any final adjudication by this Court on the Dismissal Motion.

Accordingly, it is respectfully submitted that the Debtors' Stay Motion should be denied in its entirety.

[Intentionally Omitted]

Dated: August 11, 2011
      Wilmington, DE

Respectfully submitted,

PAULA T. DOW, ATTORNEY GENERAL OF NEW JERSEY
ON BEHALF OF THE NEW JERSEY BUREAU OF SECURITIES

By: /s/ Stacy-Ann Davy
Stacy-Ann T. Davy (*pro hac* pending)
Deputy Attorney General
NJ Office of the Attorney General
Department of Law and Public Safety
Division of Law
Securities Fraud Prosecution Section
124 Halsey Street, 5th Floor
P.O. Box 45029
Newark, New Jersey 07101
T (973) 648-4802
F (973) 648-3956
davystac@dol.lps.state.nj.us


and

RICHARD W. BARRY, FISCAL AGENT

By: /s/ Peter Duhig (w/permission)
Peter J. Duhig, Esq. (DE Bar #4024)
Buchanan Ingersoll & Rooney PC
1105 North Market Street, Suite 1900
Wilmington, DE 19801-1228
T (302) 552-4249
F (302) 552-4295
peter.duhig@bipc.com

By: /s/ Louis DeLucia (w/permission)
Louis T. DeLucia
Alyson M. Fiedler
SCHIFF HARDIN LLP
666 Fifth Avenue
17th Floor
New York, NY 10103
T (212) 745-0853
F (212) 753-5044
ldelucia@schiffhardin.com
afiedler@schiffhardin.com

NY\ 51033520.2