IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIBERTY STATE BENEFITS OF DELAWARE INC., *et al.*,<br><br>Debtors.[1] | ) Chapter 11<br>) Case No. 11-12404(KG)<br>) (Jointly Administered)<br>)<br>) **Re Dkt Nos. 3, 4, 29 and 41** |

## ORDER DIRECTING APPOINTMENT OF
## CHAPTER 11 TRUSTEE AND GRANTING OTHER RELIEF

On August 11, 2011, the State of New Jersey, Bureau of Securities (the "Bureau") and Richard W. Barry, court-appointed fiscal agent ("Fiscal Agent") filed a joint motion to dismiss or convert the Debtors' chapter 11 cases, appoint a chapter 11 trustee and for other relief [D.I. 29] (the "Dismissal Motion").[2]

On August 12, 2011, the United States Trustee filed a motion seeking entry of an Order dismissing the Debtors' cases, for the appointment of a chapter 11 trustee and for other relief [D.I. 41] (the "UST Motion"). The Dismissal Motion and the UST Motion shall be referred to collectively hereinafter as the "Bankruptcy Motions."

Prospective counsel for the Debtors have filed: (a) an application for retention as counsel to the Debtors [D.I. 4] (the "Retention Application"), and (b) a motion for an extension of time to file schedules and their statements of financial affairs [D.I. 3] (the "Schedules Motion"). The

---

[1] The Debtors include Liberty State Benefits of Delaware Inc. (Docket No. 11-12404), Liberty State Benefits of Pennsylvania, Inc. (Docket No. 11-12405) and Liberty State Financial Holdings Corp. (Docket No. 11-12406).

[2] The Debtors, Bureau, Fiscal Agent and the United States Trustee shall be collectively referred to as the "Parties," or "Party" individually.

Retention Application and the Schedules Motion shall collectively be referred to as the "Debtors' Motions."

Based upon the statements of the Parties and the record in open Court regarding the Bankruptcy Motions and Debtors' Motions and the Court's consideration of such motions, entry of an Order directing the appointment of a chapter 11 trustee for and in each of the Debtors' cases pursuant to section 1104 of the Bankruptcy Code, as the sole person authorized to act on behalf of the Debtors and/or their respective estates (the "Trustee") is appropriate.

ACCORDINGLY, it is hereby Ordered that:

1. The Bankruptcy Motions seeking the appointment of a chapter 11 Trustee are hereby granted and the United States Trustee is hereby directed to appoint a Chapter 11 trustee;

2. The Debtors' Motions are granted, provided, however, that upon the appointment of a trustee, Debtors' counsel shall withdraw as counsel to the Debtors;

3. Each member of the Debtors' Board of Directors is hereby enjoined from taking any action on behalf of the Debtors;

4. Each present or former officer, director, employee and/or representative of the Debtors who receives notice of such Orders is directed to cooperate with the Trustee in the performance of his/her duties, and enjoined and restrained from interfering with the Trustee's exercise of such powers and duties on behalf of or with respect to the Debtors' estates;

5. Debtors are directed to turn over to the Trustee true and complete copies of all documents evidencing the Debtors' assets and liabilities, all documents that refer to or relate in anyway to the allegations set forth in the Bureau's Verified Complaint pending in the Superior Court of New Jersey, Chancery Division, Essex County (Docket No. C-59-11), and thereafter

such other documents and information as the Trustee may reasonably demand from time to time, which are necessary to effectuate his/her responsibilities;

6. Any consent or agreement of the Parties to the appointment of Trustee shall not constitute a release, waiver, forgiveness or relinquishment of any right, cause of action, remedy or defense by any Party against any other Party and shall not be deemed an admission of any wrong doing by any of the Parties; and

7. This Order and the appointment of a Trustee is without prejudice to the rights of the Fiscal Agent and his professionals to seek compensation for services rendered pursuant to sections 543(c)(2) and 503(b)(3)(E) and 503(b)(4) of the Bankruptcy Code, to which application(s) the Bureau and Debtors have consented.

Dated: August 26, 2011

_____
KEVIN GROSS, U.S.B.J.

NY\51044107.2

3