## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIBERTY STATE BENEFITS OF<br>DELAWARE INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 11-12404 (KG)<br>(Jointly Administered)<br><br>**Objection Deadline: October 11, 2011 at 4:00 p.m.**<br>**Hearing Date: October 18, 2011 at 1:00 p.m.** |

### TRUSTEE'S APPLICATION PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014 FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SCHIFF HARDIN LLP AS COUNSEL FOR THE CHAPTER 11 TRUSTEE EFFECTIVE AS OF AUGUST 31, 2011

Richard W. Barry ("Trustee"), as trustee for Liberty State Benefits of Delaware, Inc. and each of the above-captioned debtors (the "Debtors"), by this application ("Application"), respectfully requests the entry of an order pursuant to 11 U.S.C. § 327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing and approving the retention and employment of Schiff Hardin LLP ("Schiff" or the "Firm") as attorneys for the Trustee in these chapter 11 cases effective as of and *nunc pro tunc* to August 31, 2011. In support of this Application, the Trustee relies upon the Affidavit of Louis T. DeLucia ("DeLucia Affidavit") filed concurrently herewith as Exhibit A, and respectfully represents as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief sought is 11 U.S.C. § 327(a).

---

[1] The Debtors include Liberty State Benefits of Delaware Inc. (Docket No. 11-12404), Liberty State Benefits of Pennsylvania, Inc. (Docket No. 11-12405) and Liberty State Financial Holdings Corp. (Docket No. 11-12406).

## BACKGROUND

2.    On or about March 10, 2011, Paula T. Dow, Attorney General of the State of New Jersey, on behalf of the Chief of the New Jersey Bureau of Securities ("Bureau of Securities") filed a Verified Complaint against Liberty State Financial Holdings Corp. and Liberty State Benefits of Pennsylvania, Inc. in the Superior Court of New Jersey, Chancery Division, Essex County, Case No. C 59-11 ("Securities Complaint"), alleging, *inter alia*, that LSBPA and LSFH, through LSBPA, each engaged in violations of the New Jersey securities laws by selling unregistered securities in violation of N.J.S.A. 49:3-47, et seq. ("Securities Enforcement Action").

3.    On or about March 16, 2011, Richard W. Barry was appointed as the independent fiscal agent ("Fiscal Agent") of Liberty State Financial Holdings Corp. and Liberty State Benefits of Pennsylvania, Inc., each a debtor herein, by the Superior Court of New Jersey, dated March 16, 2011.

4.    On July 29, 2011 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5.    After the Petition Date and until the Appointment Date (as defined below), the Debtors operated their businesses and managed their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.    By Order dated August 3, 2011, the Court authorized the joint administration of the Debtors' chapter 11 cases.

7.    By Notice of Appointment dated August 31, 2011 (the "Appointment Date"), the United States Trustee for Region Three appointed the Trustee as trustee in the Debtors' jointly

administered chapter 11 cases. By Order dated September 1, 2011, the Court approved the appointment of the Trustee.

## RELIEF REQUESTED

8.      By this Application, the Trustee seeks to retain and employ Schiff pursuant to section 327(a) of the Bankruptcy Code, effective as of August 31, 2011, to represent him in all phases of the Debtors' chapter 11 cases. The Firm has indicated a willingness to act as attorneys to the Trustee.

## BANKRUPTCY CODE REQUIREMENTS

9.      Pursuant to section 327(a) of the Bankruptcy Code, subject to Bankruptcy Court approval, the Trustee may employ one or more professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist the Trustee in carrying out his duties under the Bankruptcy Code. Specifically, section 327(a) of the Bankruptcy Code provides that a trustee, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title

11 U.S.C. § 327(a). Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

> specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

## QUALIFICATIONS

10.    Schiff maintains offices in many states, throughout the United States and has a well recognized bankruptcy and restructuring practice with extensive experience appearing before courts in this District.    In addition, Schiff has substantial experience representing fiduciaries, including chapter 11 and chapter 7 trustees in complex reorganization cases and with the enforcement of rights and remedies particularly applicable and suitable to the present facts and circumstances of these cases.

## SERVICES TO BE RENDERED

11.    The Trustee contemplates that Schiff will render general legal services as needed throughout the course of these chapter 11 cases. General legal services may include, but are not limited to, the following:

a.    advise the Trustee with respect to his rights, powers and duties in these cases;

b.    assist and advise the Trustee with respect to the Debtors' business operations, the administration of these cases, including the sale and liquidation of the Debtors' assets and businesses;

c.    assist the Trustee with his investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and their estates in order to maximize the value of the Debtors' assets for the benefit of all creditors;

d.    assist the Trustee with respect to any communications and negotiations with the Official Committee of Unsecured Creditors ("Creditors' Committee"), if any, or any other third party concerning any matters related to the administration of these cases, including, but not limited to, the terms of any plan of reorganization or liquidation that may be proposed in these cases;

e.    assist the Trustee in analyzing the claims of creditors and in negotiating with such creditors;

f.    commence and prosecute any necessary and appropriate actions and/or proceedings on behalf of the Debtors' estates;

4

g.    review, analyze or prepare, on behalf of the Trustee, all necessary applications, motions, answers, orders, reports, schedules, pleadings and other documents;

h.    represent the Trustee at all hearings and other proceedings;

i.    confer with professional advisors retained by the Trustee, or previously retained by the Debtors or the Creditors' Committee, if any, in providing advice to the Trustee; and

j.    perform all other necessary legal services in these cases as may be requested by the Trustee.

## DISCLOSURES

12.    Schiff has advised the Trustee that, except as set forth in the DeLucia Affidavit, the Firm (i) has no connections, as set forth in Bankruptcy Rule 2014(a), with the Debtors, their creditors, any other party in interest, their respective attorneys or accountants, the office of the United States Trustee, or any persons employed therein, (ii) does not represent or hold any interest adverse to the interest of the Debtors or their estates, and (iii) is a disinterested person within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code.

13.    Schiff will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or circumstances are discovered, Schiff will supplement its disclosure to the Court.

14.    In the event that an actual conflict should arise, the Trustee will seek the Court's approval of his employment of conflicts counsel, or to permit counsel to the Creditors' Committee to undertake the prosecution or defense of such claim on behalf of the Debtors' estates.

## NUNC PRO TUNC RETENTION

15.    The Trustee requests approval of the employment of Schiff *nunc pro tunc* to August 31, 2011, the date of the Trustee's notice of appointment by the Bankruptcy Court. Such relief is warranted by the extraordinary circumstances presented by these cases. The Court of Appeals for the Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See e.g., Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989), *app. dismissed*, 909 F.2d 1406 (3d Cir. 1990); *In re United Fin. Corp.*, 241 B.R. 521, 526 (Bankr. D. Del. 1999) ("In fact, the UST recognizes that in large chapter 11 cases, given the press of urgent matters to be determined in the early days of the chapter 11 proceeding, the preparation and filing of retention applications for all professionals may be delayed. If such applications are filed within 30 days of the petition date, therefore, the UST will, not ordinarily object.").

16.    The Trustee submits that in light of the complexity, intense activity and speed that have characterized the Trustee's assumption of these cases, the Trustee and Schiff were required to focus their immediate attention in these cases on time-sensitive matters, including the orderly transition of these cases from the Debtors' bankruptcy counsel, the prompt devotion of substantial resources required to get a firm grasp of pending motions in these cases, and stabilizing the Debtors' and the Debtors' subsidiaries' business affairs. Moreover, Schiff was required to spend a significant amount of time conducting the extensive and comprehensive conflicts check that was required to be undertaken in these cases, which has delayed the submission and approval of this Application. In light of the foregoing, the Trustee submits that the Court's approval of Schiff's retention *nunc pro tunc* is appropriate under applicable Third Circuit law.

## COMPENSATION

17.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. See 11 U.S.C. § 328(a).

18.     Schiff will seek compensation for attorneys' fees and paraprofessionals' fees at its current hourly billing rates for similar representations as this Case for the period in which such services are performed, and will seek reimbursement of necessary and reasonable out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of this Court. Schiff may file supplemental matters seeking interim or periodic payments of compensation and reimbursement.

19.     Schiff operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of work involved and other factors. Schiff has no one rate for an individual attorney or paraprofessional that applies to all matters for all clients. Schiff's rates for an individual attorney or paraprofessional may vary as a function of the type of matter, geographic factors, and the nature of certain long-term client relationships.

20.     Schiff's hourly rates are set at a level designed to fairly compensate Schiff for the work of its attorneys and paraprofessionals and to cover fixed and routine overheard expenses. Hourly rates for this case vary with the experience and seniority of the individuals assigned. These hourly rates are consistent with the rates charged elsewhere by other firms and reflect that restructuring matters typically involve great complexity and severe time pressures.

21.    Schiff has advised that the principal attorneys proposed to represent the Trustee are:[2]

| Professional | Rate Per Hour |
|---|---|
| Louis T. DeLucia | $725.00 |
| Alyson M. Fiedler | $550.00 |
| Henry P. Behnen | $340.00 |

In addition, Schiff has been using and will likely continue to use additional professionals and paraprofessionals at their respective rates to provide services to the Trustee. The Trustee understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

22.    The hourly rates set forth above are Schiff's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Schiff for its work and to cover fixed and routine overhead expenses. It is Schiff's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and facsimile and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for working meals, computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Schiff will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to Schiff's clients and the expense billing guidelines of the Office of the United States Trustee for Region Three. Schiff believes that these expenses should fairly be charged to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients. In addition, Schiff intends to seek compensation for all

___

[2] However, as more particularly set forth in ¶23 hereof, these rates are subject to a substantial discount.

time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of the Application, and related documents, as well as any monthly fee statements or interim or final fee applications.

23.    Schiff has agreed to reduce its hourly rate for each attorney and paraprofessional working on these matters by 20% of the current hourly rate being charged by that person, with no attorney to charge more than $500.00 per hour.    Other than as set forth herein, there is no proposed arrangement to compensate Schiff.    Schiff has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the shareholders, counsel and associates of Schiff, or (b) any compensation another person or party has received or may receive.

## NOTICE, PRIOR APPLICATIONS AND WAIVER OF BRIEF

24.    Notice of the Application has been given to (a) Office of the United States Trustee, (b) all parties listed on the jointly administered Debtors' creditors matrix; and (c) all parties who have timely filed requests for notice under Bankruptcy Rule 2002, as set forth on the Service List attached to the Certificate of Service filed with respect to this Application.

25.    In light of the nature of the relief requested, the Trustee submits that the Application does not present novel issues of law requiring the citation to any authority, other than the statutes and Bankruptcy Rules cited above and, accordingly, submits that no brief is necessary.

WHEREFORE, the Trustee respectfully requests that the Court (a) enter the annexed proposed order authorizing and approving the retention and employment of Schiff as his attorneys in accordance with Bankruptcy Code section 327(a) and Bankruptcy Rule 2014, and (b) grant such other and further relief as is just and proper.

Dated: September 26, 2011                    RICHARD W. BARRY
                                             Chapter 11 Trustee


                                             _____
                                             Richard W. Barry

10