## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIBERTY STATE BENEFITS OF DELAWARE INC., *et al.*, | Case No. 11-12404 (KG) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: November 13, 2017 @ 10:00 a.m.** |
| | **Objection Deadline: October 31, 2017 @ 4:00 p.m.** |

### LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 554 AND FED. R. BANKR. P. 6007 FOR AUTHORITY TO ABANDON AND DISCARD BOOKS AND RECORDS

Richard W. Barry, the liquidating trustee (the "Liquidating Trustee") appointed in the jointly administered cases (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors"), hereby moves (the "Motion") for entry of an order pursuant to sections 105 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to abandon and discard certain of the Debtors' books and records. In support of the Motion, the Liquidating Trustee, by and through his undersigned counsel, respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and Article XI of the Plan (defined below). This is a core proceeding under 28 U.S.C. § 157(b). Venue of the Chapter 11 Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors include Liberty State Benefits of Delaware Inc. (Docket No. 11-12404 [EIN# 27-1982954], Liberty State Benefits of Pennsylvania, Inc. (Docket No. 11-12405) [EIN# 26-3748309], Liberty State Financial Holdings Corp. (Docket No. 11-12406) [EIN# 22-3745814], and Liberty State Credit, Inc. (Case No. 11-13721) [EIN# 16-1658803].

2.    The legal predicates for the relief requested herein are sections 105(a) and 554 of Bankruptcy Code, Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The relief requested is consistent with the Findings of Fact, Conclusions of Law, and Order Approving Disclosure Statement and Confirming the First Amended Plan of Liquidation (the "Confirmation Order") [D.I. 1474].

## BACKGROUND

3.    On July 29, 2011 (the "Petition Date"), the Debtors (other than Liberty State Credit, Inc.) commenced these bankruptcy cases by each filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.    By Order dated August 3, 2011, the Court authorized the joint administration of the Debtors' chapter 11 cases [D.I. 242].

5.    Pursuant to the Notice of Appointment of Chapter 11 Trustee [D.I. 79] dated August 31, 2011, the United States Trustee for Region 3 appointed the Trustee in these jointly administered chapter 11 cases, and by Order dated September 1, 2011 [D.I. 88], the Court approved the appointment of the Trustee.

6.    Prior to the Petition Date, on or about March 10, 2011, Paula T. Dow, Attorney General of the State of New Jersey, on behalf of the Chief of the New Jersey Bureau of Securities ("Bureau of Securities"), filed a Verified Complaint against Liberty State Financial Holdings Corp. and Liberty State Benefits of Pennsylvania, Inc. in the Superior Court of New Jersey, Chancery Division, Essex County, Case No. C 59-11, alleging, *inter alia*, that each of the Debtors engaged in violations of the New Jersey securities laws by selling unregistered securities in violation of *N.J.S.A.* 49:3-47, *et seq.*

7.      In addition, prior to the Petition Date, on or about March 16, 2011, the Superior Court of New Jersey appointed the Trustee as the independent fiscal agent of Liberty State Financial Holdings Corp. and Liberty State Benefits of Pennsylvania, Inc., each a Debtor herein.

8.      On October 1, 2014, the Trustee and the Debtors filed the Amended Chapter 11 Plan of Liquidation (the "Plan") [D.I. 1410] and First Amended Disclosure Statement for Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code (the "Amended Disclosure Statement") [D.I. 1412]. At a combined hearing held by the Court on November 6, 2014, the Court approved the Amended Disclosure Statement and confirmed the Plan.

9.      On November 10, 2014, the Court entered its Findings of Fact, Conclusions of Law, and Order Approving Disclosure Statement and Confirming the First Amended Plan of Liquidation [D.I. 1474].

10.      On December 17, 2014, the Plan became effective and Richard W. Barry became the Liquidating Trustee pursuant to the Plan and that certain Liquidating Trust Agreement dated December 16, 2014 by and among the Estates of the Debtors, the Chapter 11 Trustee and Richard W. Barry, as Liquidating Trustee (the "Trust Agreement").

11.      As of the Effective Date, the Liquidating Trustee was directed to wind up the Debtors' affairs, continue the Debtors' pre-confirmation claims administration process, and disburse the Liquidating Trust Assets, which include all assets and Property of the Debtors and Estates, including Litigation transferred, conveyed and assigned, pursuant to the Plan, by the Debtors to the Liquidating Trustee. See Plan at Article I (B) (89) and §3.1(d) (definition of Trust Assets).

12.     Pursuant to Article V (B) of the Plan, upon the Effective Date, all remaining assets of the Debtors, including but not limited to the Debtors' books and records, were transferred to and vested in the Liquidating Trust pursuant to a liquidating trust agreement.

13.     Pursuant to the Trust Agreement, the Trustee must administer the Trust and its assets and retains the powers of a debtor in possession under Bankruptcy Code sections 1107 and 1108, with the exception of the authority to operate the Debtors' businesses.

14.     Pursuant to Section 3.1(g) of the Trust Agreement, the Liquidating Trustee may control and exercise authority over the Trust's assets, the acquisition, management and disposition thereof, and the management and conduct of the affairs of the Trust to the same extent as if the Liquidating Trustee were the sole legal and beneficial owner thereof in its own right.

### RELIEF REQUESTED

15.     By this Motion, the Liquidating Trustee seeks entry of an order pursuant to Bankruptcy Code section 554 and Bankruptcy Rule 6007, substantially in the form attached hereto as Exhibit A, authorizing the Liquidating Trustee to abandon and discard, as appropriate in the Liquidating Trustee's discretion, the books and records that are property of the Debtors and/or Trust held by the Liquidating Trustee, or on behalf of the Liquidating Trustee.

### BASIS FOR RELIEF

16.     As November 10, 2014, the Liquidating Trustee assumed responsibility for substantially all of the Trust Assets (as defined in the Trust Agreement and Plan) vested in the Trust.  Certain assets remain vested in the Trust following confirmation of the Plan.  These assets included certain litigation claims, and voluminous business books and records of the Debtors created prior to the Effective Date of the Plan.

4

17.    The Liquidating Trustee and certain of his representatives, attorneys, financial advisors, and third party data storage contract parties have maintained, stored and secured the books and records of the Debtors and Liquidating Trust and for which the Trust bears the continuing costs.  The Liquidating Trustee and his professionals have determined that the Debtors' books and records should be destroyed and the Trust and estates should no longer carry the cost of maintaining those records.

18.    The Liquidating Trustee, with the assistance of its professionals, has determined that these records, including all the Debtors' books and records created prior to the Petition Date, are unnecessary for the administration of the Debtors' bankruptcy estates or the Trust or to carrying out the remaining duties of the Liquidating Trustee, which will include little more than the filing of tax returns, paying the remaining costs of administering the Trust, and closing bank accounts.

19.    The Liquidating Trustee therefore requests an order authorizing the abandonment and destruction of the books and records created by one or more of the Debtors and that the Liquidating Trustee deems are unnecessary to the administration of the estates and the Liquidating Trust. The Liquidating Trustee believes it is not only in the best interest of the Debtors' estates and the Trust to abandon these records, but that it is unduly burdensome to the estate to expend funds for the transportation and storage of records that are unnecessary to further administration.

## APPLICABLE AUTHORITY

20.    Bankruptcy Code section 554 authorizes a debtor in possession, after notice and a hearing, to abandon property that is burdensome to the estate. Bankruptcy Code section 554 provides:

> After notice and a hearing, the trustee may abandon any
> property of the estate that is burdensome to the estate or that is
> of inconsequential value and benefit to the estate.

11 .S.C. § 554.

21.     Bankruptcy Code section 554 thus requires two showings. First, the property to be abandoned must be property of the estate.  11 U.S.C. §§ 541 and 554; Estate of McGahren v. Heck (In re Weiss), 111 F.3d 1159, 1167 (4th Cir. 1997), cert. denied, 118 S.Ct. 369 (1997). Second, the property to be abandoned must be burdensome or of inconsequential value or benefit to the debtor's estate. Id.; see also In re Resource Technology Corp., 430 F.3d 884, 887 (7th Cir. 2005).   Moreover, a debtor in possession is afforded significant discretion in determining the value and benefits of particular property for the purposes of the decision to abandon it.  In re Cult Awareness Network, Inc., 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997) ("The party seeking to make the trustee … act or prevent him or her from acting has the burden to show an abuse of discretion." . . . [A decision to abandon property] must rest on a reasonable basis."). This Court need only ensure that the decision to abandon reflects a business judgment made in good faith.  Id.

22.     The Liquidating Trustee requests that all of the Debtors' books and records determined by the Liquidating Trustee and its professionals to be unnecessary for the administration of the Debtors' bankruptcy estates or the Trust be deemed abandoned on the date hereof, and that such documents may thereafter be destroyed.

### NOTICE

23.     The Liquidating Trustee has provided notice of this Motion to all parties utilizing the Court's Electronic Case Filing system.  In addition, the Liquidating Trustee provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the

United States Attorney's Office for the District of Delaware; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the New Jersey Lawyers' Fund for Client Protection; (f) the State of New Jersey Bureau of Securities, and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.

24.    No previous request for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.


Dated: October 6, 2017                       **BUCHANAN INGERSOLL ROONEY PC**

                                               */s/ Mary Caloway*
                                               Mary F. Caloway (No. 3059)
                                               919 North Market Street, Ste 1500
                                               Wilmington, Delaware 19801
                                               T: (302) 552-4200
                                               F: (302) 552-4295
                                               mary.caloway@bipc.com

                                                    - and-

                                               Louis T. DeLucia
                                               Alyson M. Fiedler
                                               SCHIFF HARDIN LLP
                                               666 Fifth Avenue
                                               New York, New York 10103
                                               T: (212) 753-5000
                                               F: (212) 753-5044
                                               ldelucia@schiffhardin.com
                                               afiedler@schiffhardin.com

                                               *Counsel for Richard W. Barry, Liquidating Trustee*

7
